per curiam.

Judge Bay, absent from indisposition;
The evi« dence of notice appears to be insufficient. This, however, would' have been a fact for the jury. The courts have never gone the? length of protecting such assignments as this. The law counte.-nances and regulates the assignment of such chioses in action as bonds and notes not negotiable ; but not such unliquidated demands as open book debts, which may be liable to errors and disputes. Although it may be against good faith, the receipt of payment by Brown & Co., after they had assigned the debt, it cannot be so considered on the part of the defendant. Such accounts are not properly assignable except in cases where the rights of creditors are at stake, and require it, and the [aw makes provision for the security of those rights ; or where there may be a fraudulent col. lusion to defeat a creditor. Here, there appears to be no necessity for the interposition of the court. The assignee may have recourse to the assignor, for his breach of contract. It does not appear to be a case of insolvency. There was no evidence of the insolvency of the assignors.
[Nott, J.
A debtor, by open account, is not bound to take notice of a debt in the hands of an assignee. Such an assignment only, operates as an authority or power of attorney, to settle the account, and receive the money for his principal. The terms may indeed be such as to authorize the assignee to receive the money to his own use. But then it is only in the nature of a contract; between the assignor and assignee, that he may so receive it. A receipt from the creditor will discharge him. But in this case, it does not appear that he had any notice, except so far as mere report might be considered as notice. This motion, therefore, must be refused.]
Motion refused.